KENDALL BRILL & KELLY LLP
Laura W. Brill (195889)
 lbrill@kbkfirm.com
Nary Kim (293639)
 nkim@kbkfirm.com
David T. Freenock (332239)
 dfreenock@kbkfirm.com
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Plaintiff Sonos, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>JAMES CONNOLLY, SCOTT FOWLER, SCOTT SOMERS, and JOE WEBB, <br><br>　　　　　Defendants. | Case No. 2:25-cv-05548 <br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Sonos, Inc., for its complaint against Defendants James Connolly, Scott Fowler, Scott Somers, and Joe Webb, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment concerning the timeliness of a "claim for relief" filed by Defendants' counsel in an arbitration.

2. Sonos, Inc. and each of the four Defendants, James Connolly, Scott Fowler, Scott Somers, and Joe Webb (collectively, "Defendants"), are parties to an Arbitration Agreement (the "Agreement").

3. The terms of the parties' Agreement require certain types of claims to be arbitrated, but exempt other types of claims from arbitration.

4. For example, while the parties agreed to arbitrate most substantive claims, the Agreement contains the following explicit carve-out from arbitration:

> Notwithstanding the parties' decision to resolve all disputes through arbitration, each party retains the right to … **seek a declaratory judgment, injunction, or other equitable relief in a court of competent jurisdiction regarding whether a party's claims are time-barred**…. Seeking such relief shall not waive a party's right to arbitration under this agreement, and **any filed arbitrations related to any action filed pursuant to this paragraph shall automatically be stayed pending the outcome of such action**.

5. Pursuant to this express exception to arbitration, Sonos brings this present declaratory relief action concerning the timeliness of a new "claim for relief" filed in arbitration.

6. The parties to this present action have faced each other before, in this exact Court. This present-day dispute stems from an earlier action that the four Defendants in this action filed against Sonos in this District nearly two years ago.

7. The parties' long-running dispute began on October 6, 2023, when the four Defendants in this declaratory relief action initiated a putative class action captioned *Fowler, et al. v. Sonos, Inc.* (Case No. 2:23-cv-08387-TJH-JPR) (the "Related Case").

8. As the four named plaintiffs in the Related Case, the four Defendants in this action alleged that they had purchased a high-end Sonos "Arc" soundbar and sometimes heard a "popping" sound when the Arc connected to a third-party sound system. On behalf of themselves and their respective proposed Illinois, Alabama, Florida, and Texas classes, Defendants each alleged causes of action arising under federal law and the laws of their home states of Illinois, Alabama, Florida, and Texas.

9. Because each of the four Defendants had consented to the terms of the Agreement, which required the types of claims they had filed in the Related Case to be arbitrated, Sonos filed a motion to compel arbitration. Despite repeatedly insisting that they would oppose the motion to compel arbitration, in the end, Defendants did not oppose.

10. On February 28, 2024, this Court granted the unopposed motion to compel arbitration and entered an Order dismissing the claims in the Related Case. *See* Related Case Dkt. No. 28.

11. Following the dismissal of the Related Case, nothing happened—for half a year.

12. After six months of doing nothing, on August 13, 2024, James Connolly—one of the four Defendants who had sued as the class representative for the Illinois class in the Related Case—instituted a brand-new arbitration against Sonos.[1]

13. The newly-filed arbitration consists of one and only one "claim for relief": a claim for attorneys' fees under California Civil Code of Procedure section 1021.5, based on Mr. Connolly's alleged "success" in the Related Case.[2]

---

[1] The other three plaintiffs from the Related Case are not named claimants in the arbitration. However, Mr. Connolly's counsel has not foreclosed the possibility of adding them as claimants in the arbitration. Therefore, they are included as parties in this declaratory judgment action, to ensure that any judgment obtained in this action will be binding on them.

[2] This Complaint only references the filing date and the title of the claim for relief

14. California Civil Code of Procedure section 1021.5 is the fee-shifting statute enacted by the California Legislature to permit the recovery of prevailing party attorneys' fees by a plaintiff who, standing in the shoes of the California Attorney General, pleads and succeeds on a California state-law claim that "catalyzes" a change for the public good.

15. Unlike other prevailing-party fee statutes, which permit a plaintiff to move for fees only after his litigation has resulted in a favorable final judgment, California Civil Code of Procedure section 1021.5 is unique in that it enables the early crowning of a "successful" or "prevailing" party, well before the full litigation and resolution of the claims. Providing this early off-ramp serves twin legislative goals: (i) it lets a plaintiff move for fees swiftly, as soon as the defendant changes course at the outset of the litigation; and (ii) it discourages the plaintiff's lawyers from continuing to run up the bills with unnecessary litigation, once the problem "has been mooted" by the defendant's mid-litigation change in conduct. *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 576 (2004).

16. By authorizing attorneys' fees for a private party whose suit has catalyzed a positive change in the defendant's conduct, California Code of Civil Procedure section 1021.5 encourages the litigation "of important public rights and [ensures] aggrieved citizens have access to the judicial process where statutory or constitutional rights have been violated." *City of San Diego v. San Diegans for Open Gov't*, 3 Cal. App. 5th 568, 576 (2016). But because the prospect of attorneys' fees may incentivize the wrong demographic of lawyers, whose motives skew "more opportunistic than authentically for the public good," there are "sensible limitations on the catalyst theory," including specific timing requirements in the statutory text

---

filed by Mr. Connolly in the arbitration, and does not otherwise reveal the substance of the arbitration proceedings, in keeping with the arbitration rules and procedures that shield from public scrutiny any documents or communications exchanged in the course of the arbitration.

itself. *Vasquez v. State of Cal.*, 45 Cal. 4th 243, 247-54 (2008).

17. Defendants' counsel says that California Code of Civil Procedure section 1021.5 is the perfect statute for the Related Case, because it has enabled his clients to declare victory and jump straight to a fee award, simply for having identified a problem and gotten it fixed, without litigating the underlying claims to the bitter end.

18. In Defendants' counsel's imagination, that is exactly what the Related Case achieved: as he would tell it, as soon as the Related Case was filed on October 6, 2023, that filing suddenly catalyzed Sonos into fixing the popping issue with the Arc soundbar by November 16, 2023. In claiming credit for the fix released by Sonos on November 16, 2023, Defendants' counsel posits that his clients became the "prevailing" parties in the Related Case as of that critical date—**November 16, 2023**—when Sonos' fix resolved the popping issue complained of in the Related Case.

19. There is an overlong catalogue of logical lapses, flaws, and defects that doom the claim to request attorneys' fees under California Civil Code of Procedure section 1021.5. For one, the filing of the Related Case was quite simply **not** the "catalyst" of any change. Indeed, it was well-publicized by no later than August 2023 that Sonos had been actively investigating and developing a fix to address the popping issue—several months before the Related Case was filed on October 6, 2023.

20. Another fundamental flaw is this: having pleaded no California cause of action in the Related Case, Defendants have no entitlement whatsoever to pursue attorneys' fees under California's catalyst-fee statute. *See, e.g.*, *Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) (confirming "section 1021.5 does not apply in federal court when a plaintiff does not plead any California claims"); *Chin v. Chrysler LLC*, 538 F.3d 272, 277 (3d Cir. 2008) (reversing district court's award of attorneys' fees in a case, like the Related Case, where federal and common-law claims, but no California cause of action was pled).

/ / /

21. The catalyst theory also has no possible application because Defendants never obtained from Sonos the "primary relief" sought in the Related Case. *See Gordon v. Tootsie Roll Indus., Inc.*, 810 Fed. Appx. 495, 496 (9th Cir. 2020) (to recover fees under California's catalyst theory, party must establish "the lawsuit was a catalyst motivating the defendants to provide the primary relief sought"). Here, the claims in the Related Case primarily sought the recovery of monetary damages to compensate consumers for the alleged diminution in the value of the Arc. But Sonos did not refund any money to any of the four Defendants or other consumers as a result of the Related Case.

22. Willfully ignoring the disconnect between the Related Case and the requirements of California's catalyst-fee statute, Defendants' counsel has tabulated hundreds of thousands of dollars in attorneys' fees for the work he allegedly did in prosecuting the short-lived Related Case in this District Court.[3]

23. Within this long litany of problems with the new claim for attorneys' fees that Defendants' counsel has now filed under California Civil Code of Procedure section 1021.5, several of the defects pertain **specifically to timing**.

24. The untimeliness of the new claim for attorneys' fees under California Civil Code of Procedure section 1021.5 is, indeed, apparent based on the dates alone.

25. Even though Defendants' counsel contends that his clients succeeded under the catalyst theory as of **November 16, 2023**, the new "claim for relief" under California Civil Code of Procedure section 1021.5 was not filed in arbitration for another 271 days, until **August 13, 2024**. And even after initiating the arbitration on August 13, 2024, Mr. Connolly (the nominal claimant in that arbitration) still has not—to this date—filed a motion for attorneys' fees in the arbitration.

///

---

[3] To be clear, the extent of Defendants counsel's work was (i) filing a Complaint in the Related Case; (ii) declining to oppose a motion to compel arbitration; and (iii) standing idly by as the Court proceeded to dismiss the Related Case.

26. Based on these dates, one dispositive time bar is the deadline to move for attorneys' fees that activates once a party has succeeded in the underlying action. The law is crystal-clear that a motion for attorneys' fees under California Civil Code of Procedure section 1021.5 must be filed within the default deadlines governing other types of prevailing-party fee motions. Although Defendants may attempt to argue that they should get the benefit of the longer 60-day deadline that applies to prevailing-party fee motions in California state court (as opposed to the shorter 14-day deadline that operates in this District), there is no world in which a motion for attorneys' fees filed at this juncture can be deemed timely, under any measure.

27. Nor is that the only time bar that Defendants will face. Because a catalyst fee award under California Civil Code of Procedure section 1021.5 is a function of a court's equitable powers, equitable timing defenses, including laches, must apply.

28. Further, the "claim for relief" filed in arbitration pursuant to California Civil Code of Procedure section 1021.5 is time-barred because Mr. Connolly failed to make any timely efforts to settle the dispute prior to filing the Related Case, as is required to demonstrate the necessity of private enforcement. *Vasquez v. State of Cal.*, 45 Cal. 4th 243, 247 (2008) (a prevailing party in a "catalyst case" "must have engaged in a reasonable attempt to settle its dispute with the defendant **prior to litigation**"). Now, it is too late for Mr. Connolly (or any of the other Defendants) to course-correct and engage in the pre-filing negotiations required by California law.

29. Although Mr. Connolly has filed his "claim" for attorneys' fees under California Civil Code of Procedure section 1021.5 in arbitration, this Court has jurisdiction to decide the application and effect of these timing-related defenses, which foreclose any recovery of fees under this statute.

30. The Agreement contains a number of well-defined exceptions to arbitration.

///

31. Most relevant here, one of the exceptions to arbitration provides as follows:

> Notwithstanding the parties' decision to resolve all disputes through arbitration, each party retains the right to … seek a declaratory judgment, injunction, or other equitable relief in a court of competent jurisdiction regarding whether a party's claims are time-barred…. Seeking such relief shall not waive a party's right to arbitration under this agreement, and any filed arbitrations related to any action filed pursuant to this paragraph shall automatically be stayed pending the outcome of such action.

32. Pursuant to the above-quoted exception to arbitration, Sonos has the express contractual right to "seek a declaratory judgment, injunction, or other equitable relief in a court of competent jurisdiction regarding whether a party's claims are time-barred."

33. Accordingly, Sonos brings this action for declaratory judgment in this Court to confirm that the "claim for relief" under California Code of Civil Procedure section 1021.5 filed by Mr. Connolly in arbitration is time-barred.

34. Moreover, the arbitration filed by Mr. Connolly is, upon this filing, "automatically … stayed pending the outcome of [this] action."[4]

## JURISDICTION AND VENUE

35. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. In particular, diversity of citizenship exists because (i) Plaintiff Sonos, Inc. is a citizen of California; (ii) Defendant James Connolly is a citizen of Illinois; (iii) Defendant Scott Fowler is a citizen of Alabama;

---

[4] Sonos does not believe it will be necessary to seek equitable relief from this Court, since the stay of the arbitration is "automatic" by operation of the Agreement. Given the "automatic" nature of the stay, Sonos fully expects Mr. Connolly and the arbitrator in the arbitration to honor the terms of the stay pending resolution of this declaratory judgment action. However, to the extent that Mr. Connolly or the arbitrator declines to treat the arbitration as automatically stayed by operation of contract, Sonos reserves its rights to amend this Complaint to include a request for this Court to enjoin the arbitration pending resolution of this declaratory judgment action.

(iv) Defendant Scott Somers is a citizen of Florida; and (v) Defendant Joe Webb is a citizen of Texas. The amount in controversy is or exceeds $400,000.00.

36. This Court has personal jurisdiction over Defendants, who previously prosecuted the Related Case in this District, including because each of them entered into a contract with Plaintiff in this State and District; and because a substantial part of the events giving rise to the claim has occurred in this State and District.

37. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), including because a substantial part of the events giving rise to the claim has occurred in this District.

## THE PARTIES

38. Plaintiff Sonos, Inc. is an audio equipment manufacturer, which manufactures various products, including the "Arc" soundbar that was the subject of the Related Case.

39. On information and belief, Defendant James Connolly is a resident of the state of Illinois. Mr. Connolly is one of the four plaintiffs who filed the Related Case in this District and is the nominal claimant who has initiated an arbitration to request the attorneys' fees incurred by Defendants' counsel in prosecuting the Related Case in this District under the theory that the filing of the Related Case in this District "catalyzed" a change in Sonos' conduct.

40. On information and belief, Defendant Scott Fowler is a resident of Alabama. He is one of the four plaintiffs who initiated the Related Case against Sonos in this District.

41. On information and belief, Defendant Scott Somers is a resident of Florida. He is one of the plaintiffs who initiated the Related Case against Sonos in this District.

42. On information and belief, Defendant Joe Webb is a resident of Texas. He is one of the plaintiffs who initiated the Related Case against Sonos in this District.

# THE FACTS

43. The relevant events and dates are summarized as follows.

**2023: Sonos Informs The Public That It Is Working On Fixing The "Popping" Issue Reported With The Arc Soundbar.**

44. In 2023, Sonos representatives engaged with consumers in message boards and other online fora to confirm that the Sonos team had been actively investigating the "popping" issue reported with the Arc soundbar and that Sonos would be releasing a permanent fix as soon as it was available.

45. On August 10, 2023, *The Verge* magazine published an article reporting on the status of the Arc "popping" issue and providing the following update from Sonos, in which Sonos detailed exactly what it had been doing to investigate and resolve the "popping" issue:

> We are aware that a small percentage of customers have experienced an interoperability issue which is causing a popping sound on Arc. What we know now is that this issue occurs on some Dolby Atmos enabled audio products, including Arc, when connected to certain combinations of streaming devices and TVs while playing Dolby Atmos content.
>
> We are committed to finding the root cause and we're continuing to test for a reliable reproduction of what customers are describing online and in conversations with our support team. We are also engaging our contacts at third party manufacturers to further explore possible solutions. As this is an issue stemming from the way various devices are working together, there are a range of tests our team needs to conduct to understand the scope and develop a targeted solution for each setup. We'll let you know as soon as we have an update to share.

**October 6, 2023: Defendants File The Related Case, Without Attempting To Communicate With Sonos About The Status Of A Fix Or Whether A Fix Was Already In Progress**.

46. Two months after the publication of *The Verge* article updating the public on the status of the "popping" issue with the Arc, the four Defendants in this action filed the Related Case on October 6, 2023.

/ / /

47. None of the Defendants ever reached out to Sonos, at any time prior to filing the Related Case, to inquire as to whether a fix was in-progress or to discuss whether Sonos would be resolving the "popping" issue they complained of, in the absence of a lawsuit.

48. Instead, fully aware that Sonos was already deep in the process of investigating the "popping" issue and well on its way to releasing a fix, Defendants proceeded to file the Related Case on October 6, 2023, in which they sought primarily monetary damages—*i.e.*, a refund of the money they had paid for their Arcs.

**November 16, 2023: Sonos Releases A Fix, Which Defendants Say Make Them The Prevailing Party Under California's Catalyst-Fee Statute**.

49. As reported by *The Verge* in the summer of 2023, Sonos soon did what it said it would: on November 16, 2023, Sonos released a software fix that resolved the "popping" issue reported by certain customers of the Arc.

50. Defendants—ignoring the well-documented fact that the fix had already been underway well before their initiation of the Related Case on October 6, 2023—nevertheless proceeded to assert that the filing of the Related Case is what "catalyzed" Sonos into investigating the "popping" issue and developing a fix.

51. After allegedly succeeding under the catalyst theory as of November 16, 2023, however, Defendants never moved for attorneys' fees in the Related Case. Defendants never even advised the Court in the Related Case that they planned to move for attorneys' fees under California Civil Code of Procedure section 1021.5, or signaled that such a motion would be forthcoming in the Related Case.

52. Instead, by all appearances, Defendants acted as though they would continue to litigate all of their as-filed claims in the Related Court in an effort to recover the monetary damages that Defendants had alleged as the primary relief desired in the Related Case.

/ / /

**February 28, 2024: The Court Orders The Dismissal Of The Related Case**.

53. On November 28, 2023, Sonos filed a motion to compel arbitration in the Related Case, which pointed out that each of the four Defendants had consented to the Agreement when they downloaded and used the Sonos App.

54. Defendants informed Sonos that they would oppose arbitration, including on the grounds that the Agreement is unenforceable and unconscionable.

55. On the date their opposition came due, however, Defendants filed no opposition. Instead, on December 18, 2023, they filed a single-sentence non-opposition stating "they do not oppose the motion." *See* Related Case Dkt. No. 26.

56. In the absence of any opposition from Defendants, on February 28, 2024, the Court entered an Order granting the motion to compel arbitration and dismissing the Related Case (the "Order"). *See* Related Case Dkt. No. 28.

**August 13, 2024: 271 Days After Allegedly Prevailing In The Related Case, Mr. Connolly Files An Arbitration For Fees Under Section 1021.5**.

57. After the Court dismissed the Related Case on February 28, 2024, Defendants did nothing—for months.

58. On August 13, 2024, six months after the close of the Related Case and nearly a year after November 16, 2023 (the date on which Defendants say they "prevailed" under the catalyst theory), Mr. Connolly filed a new arbitration against Sonos.

59. Mr. Connolly, however, did not re-file any of the claims he had once pursued in the Related Case. He (and the other three Defendants) abandoned the claims in the Related Case completely.

60. Instead, Mr. Connolly has filed a single-count arbitration consisting of only one "claim for relief" requesting attorneys' fees under California Civil Code of Procedure section 1021.5.

///

# THE TIMING DOCTRINES THAT BAR THE "CLAIM" FOR FEES UNDER CALIFORNIA CIVIL CODE OF PROCEDURE § 1021.5

61. The "claim" for attorneys' fees under California Civil Code of Procedure section 1021.5 takes a run at evading four distinct timing barriers. It fails at every turn.

**C.D. Cal. Local Rule 54-7: Defendants Failed To Move For Fees Within 14 Days**.

62. California Civil Code of Procedure section 1021.5 does not, on its face, contain its own statute of limitations. Instead, a motion for attorneys' fees filed pursuant to Section 1021.5 is subject to the otherwise-governing deadline to move for attorneys' fees. A request for fees, therefore, is time-barred when it is not filed within the default deadline to move for attorneys' fees.

63. Here, the Local Rules of the Central District of California require any request for attorneys' fees for prevailing in an action in the District be filed within 14 days.

64. In particular, Local Rule 54-7 provides "[a]ny motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order, unless otherwise ordered by the Court." L.R. 54-7 ("Filing Date for Requests for Attorneys' Fees"); *Jones v. Bradshaw Bar Grp., Inc.*, 735 F. App'x 233, 234–35 (9th Cir. Sept. 18, 2017) (confirming that the deadline set forth in California district court's local rules operates to time-bar fee motion filed pursuant to Section 1021.5); *United States v. E. Mun. Water Dist.*, 2011 WL 13180256, at *2 (C.D. Cal. Jan. 3, 2011) (applying 14-day deadline to recovery of attorneys' fees under Section 1021.5).

65. As noted above, a successful party under the catalyst theory is unique in that he can claim victory much earlier in time and before the entry of a final order or judgment—including as soon as the lawsuit has been filed—if he can prove that the

filing of the lawsuit compelled the defendant to provide the primary relief sought by the lawsuit.  In other words, in a world in which a party "prevails" under a catalyst theory, the date on which the defendant voluntarily provides the primary relief requested is the equivalent of the date on which a party obtained a final judgment in his favor.  *See Labotest, Inc. v. Bonta*, 297 F.3d 892, 894-95 (9th Cir. 2002) (explaining a "catalyst" plaintiff's entitlement to fees may arise on the date on which the action "motivated the defendant to provide the relief originally through litigation").

66. Thus, since Defendants here claim that they achieved the equivalent of a final order or judgment in their favor on November 16, 2023—when Sonos released the fix of the "popping" issue—the operative 14-day deadline to move for fees under a catalyst theory was activated on November 16, 2023 and expired by November 30, 2023.

67. Defendants may protest that the deadline to move for fees should run from a literal, paper "order" or "judgment," rather than the date on which they succeeded within the meaning of the catalyst theory.  But that metric is no better for them.  The latest possible "order" entered in the Related Case was the Order dismissing the Related Case on February 28, 2024.

68. Therefore, at latest, the timeliness clock began to run upon the entry of the Order on February 28, 2024, rendering any motion for attorneys' fees filed at this point exceedingly untimely.

**California Rules of Court:  Defendants Failed To Move For Fees Within 60 Days**.

69. Defendants may contend that California's Rules of Court provide a lengthier time period to move for attorneys' fees in state court than this District's own procedural rules.

/ / /

70. In a California state-court action (which the Related Case is not), the deadline to file a noticed motion for attorneys' fees would be 60 days from notice of entry of judgment. *See* California Rule of Court, Rules 3.1702(b)(1) & 8.104(a).

71. Application of the 60-day timeline provided by California's Rules of Court, in any case, would yield the same outcome: a motion for attorneys' fees filed at this point in time would be well outside the 60-day timeline, and thus be time-barred under California's Rules of Court as well.

**Equitable Time Bar**: **Defendants' Recovery Under The California Catalyst-Fee Statute Is Barred By Laches**.

72. An award of attorneys' fees under California Code of Civil Procedure section 1021.5 is an equitable function. *Concerned Citizens of La Habra v. City of La Habra*, 131 Cal. App. 4th 329, 334 (2005). It is therefore subject to the full range of equitable principles, including the equitable timing defense of laches, which bars a plaintiff from recovery when he unreasonably delays in pursuing the subject relief.

73. The elements of laches are amply present. The 271-day delay in filing the new "claim for relief" in arbitration is not only unreasonable, but it has prejudiced Sonos, which has lost access to certain employees and percipient witnesses due to the passage of time. During the intervening year, some of the Sonos employees who would be able to corroborate the timeline for the development of the fix have departed the company. Other witnesses are harder to locate. Had Defendants timely moved for fees in November 2023, the testimonial evidence that Sonos would have had at its disposal would have been materially different than it is today.

**Statutory Time Bar: It Is Too Late For Any Defendant To Engage In Pre-Filing Settlement Efforts**.

74. Defendants face a fourth time bar, which is enshrined in California Code of Civil Procedure section 1021.5 itself.

/ / /

75. For a successful or a prevailing party to recover fees under California Code of Civil Procedure section 1021.5, the party has to prove that it was "necessary" for him to file the lawsuit, since the defendant was not going to otherwise provide the remedy sought in the lawsuit.

76. Thus, prior to filing the lawsuit, a prospective plaintiff is required to engage in timely pre-filing discussions with the target defendant, including to probe whether the defendant already has a remedy underway—thereby obviating the need to file the threatened lawsuit. As the California Supreme Court has explained, California's catalyst-fee statute requires a prospective plaintiff to "attempt to settle its grievance short of litigation," to ensure that a defendant will not be punished if it decides to make positive "changes after litigation has been filed." *Tipton-Whittingham v. City of Los Angeles*, 34 Cal. 4th 604, 609 (2004). California cases are clear that pre-litigation efforts to settle is a **timeliness** requirement embedded in the statute itself. *Cates v. Chiang*, 213 Cal. App. 4th 791, 817 (2013) (statutory requirement would be unmet where the prelitigation notice is "untimely").

77. Defendants, however, ignored this statutory timeliness requirement entirely. They simply filed the Related Case prematurely, without once inquiring with Sonos as to the status of the fix prior to filing the suit. To the extent Defendants propose to cure their non-compliance, it is too late. The fix has been released and there is no turning back the clock. For this reason, too, the "claim" for attorneys' fees under California Code of Civil Procedure section 1021.5 is untimely and in violation of the timing requirements imposed by the statute itself.

## FIRST CLAIM

### (Declaratory Relief)

78. Sonos re-alleges and incorporates by reference each of the foregoing paragraphs, as though fully set forth herein.

/ / /

79. Defendants' counsel has filed in arbitration a "claim for relief" to request attorneys' fees under California Code of Civil Procedure section 1021.5. As noted above, while Mr. Connolly is the sole nominal claimant in the arbitration at this time, Defendants' counsel has left open the possibility of adding the other three Defendants as claimants in the arbitration.

80. An actual controversy has arisen and now exists between the parties in that Defendants and their counsel contend that they still have the ability to timely move for attorneys' fees under California Code of Civil Procedure section 1021.5, whereas Sonos disputes those contentions and contends that any attempt to recover fees under Section 1021.5 is time-barred by the relevant timing defenses and the doctrines identified above.

81. A declaration with respect to whether the "claim" for attorneys' fees under California Code of Civil Procedure section 1021.5 is timely is necessary and appropriate at this time under the circumstances. Sonos has suffered and will continue to suffer harm, due to the unsettled state of Defendants' fee entitlement under California Code of Civil Procedure section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Sonos respectfully prays for the following relief:

A. That judgment be entered in favor of Sonos and against Defendants;

B. That a declaratory judgment be entered declaring that any request for fees and costs under California Code of Civil Procedure section 1021.5 is time-barred;

C. That Sonos be awarded any reasonable attorneys' fees, costs, or other expenses recoverable under law or pursuant to the Agreement;

D. That Sonos be awarded interest thereon at the applicable rate; and

E. That Sonos be granted such other and further relief as the Court may deem just and proper.

/ / /

DATED: June 18, 2025

KENDALL BRILL & KELLY LLP

By:    /s/ Nary Kim
Nary Kim
Attorneys for Plaintiff Sonos, Inc.